IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Baiden and Associates, Inc., | ) | Civil Action No.: 4:11-cv-00267-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Crum & Forster Specialty Insurance Co.; | ) | |
| Twin City Fire Insurance Co.; Certain | ) | **ORDER** |
| Underwriters At Lloyds, London; | ) | |
| Westchester Surplus Lines Insurance Co.; | ) | |
| and Alea Group Holdings Bermuda Ltd. | ) | |
| n/k/a Catalina Holdings (Bermuda) Ltd., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Baiden and Associates, Inc. ("Baiden") filed this action against Defendants, various liability insurance companies, alleging that Defendants failed to honor a duty to defend Baiden in a state court civil action. Currently pending before the Court is a Motion filed by Defendant Certain Underwriters At Lloyds, London ("Lloyds") that requests the following:

- Motion to Dismiss, or in the alternative, Motion for Summary Judgment, against all claims made by Baiden against Lloyds;

- Motion to Dismiss the cross-claim of Defendant Crum & Forster Specialty Insurance Co. ("Defendant Crum" or "Crum") as against Lloyds; and

- Motion to Strike Baiden's request for attorney's fees.

[Lloyds Mot., Doc. # 86.]

For the following reasons, this Court denies Lloyds' Motion, and each of the requests for relief therein.[1]

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been fully briefed by the parties, and the Court believes a hearing is not necessary.

**Background Allegations**

**I.   Underlying state action**

Baiden was the general contractor for a project involving the construction of a fourteen-story condominium in North Myrtle Beach, South Carolina ("the Project"). To complete the Project, Baiden retained a number of subcontractors, including Paradise Pools Construction, Inc. ("Paradise Pools") and Progressive Plumbing, Inc. ("Progressive"). During the Project, which was completed on February 24, 2005, Paradise Pools maintained a commercial general liability policy through Lloyds ("Lloyds Policy"), while Progressive maintained a commercial general liability policy through Crum ("Crum Policy"). Baiden contends, though Lloyds and Crum disagree, that Baiden was a named "additional insured" under these two policies.[2]

After completion of the Project, the property owners' association claimed that it was experiencing various construction-related problems with the condominium. The property owners' association filed a lawsuit against Baiden and others in South Carolina state court, alleging causes of action for negligence, breach of warranties, and breach of contract.[3] Baiden ultimately tendered the lawsuit to, and demanded a defense in the state court action from, the subcontractors and their insurers – this included Lloyds and Crum. Baiden's demand was based in part upon Baiden's purported status as a named "additional insured" under the Lloyds Policy and the Crum Policy.

According to Baiden, both Lloyds and Crum rejected Baiden's tender and denied that they

---

[2]   In this lawsuit, Baiden also claims he was an additional insured under several other polices. However, for purposes of Lloyds' Motion to Dismiss, only the policies from Lloyds and Crum are at issue.

[3]   The state court action was filed in the Court of Common Pleas for Horry County, as *Laguna Keyes Property Owners Assoc., Inc. v. Laguna Keyes Develop., L.L.C.*, No. 2008-CP-26-9644.

2

had an obligation to defend the general contractor. The state litigation is ongoing.

**II.     Underlying federal action**

On February 1, 2011, Baiden filed the above-captioned case, in which an amended complaint was filed on July 5, 2011, against numerous insurance company defendants, including Lloyds and Crum, seeking the following relief:

- a declaration that Defendants had a duty to defend and indemnify Baiden, a duty that was triggered by the filing of the underlying state action; and

- attorney's fees and costs in the underlying state lawsuit and the current federal action.

[Pl.'s Am. Compl., Doc. # 78, at ¶¶ 33–34.] With the exception of Lloyds, all Defendants filed answers. In addition to its answer, Crum also filed a cross-claim against all other Defendants asserting that, to the extent that it is found liable, "each other insurance company defendant in this action is required to contribute a proportional share and/or indemnify Crum . . . for any amount it may be adjudged liable to the Plaintiff." [Crum Answer, Doc. # 41, at 13.]

On July 24, 2011, in leu of filing an answer, Lloyds filed the Motion to Dismiss at issue. In that Motion, Lloyds argues that Baiden's amended complaint should be dismissed because Baiden failed to include a copy of the Lloyds Policy with the amended complaint and failed to allege the policy's material terms. Further, Lloyds argues that Baiden's amended complaint and Crum's cross-claim should be dismissed because Baiden is not an insured under the policy, and that Baiden's reference to attorney's fees should be stricken because attorney's fees are not appropriate in this type of case. Both Baiden and Crum timely filed opposition briefs to Lloyds' Motion.

## Discussion

**I.     Lloyds' Motion to Dismiss Baiden's amended complaint and Crum's cross-claim**

For the reasons discussed below, Lloyds' Motion to Dismiss Baiden's complaint and Crum's

3

cross-claim is denied.

      A.      <u>Lloyds' Motion is properly construed as a motion to dismiss under Rule 12(b)(6)</u>

As a threshold matter, this Court must determine whether Lloyds' Motion is to be construed as a motion to dismiss for failure to state a claim, or as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); 56.

Lloyds has attached three exhibits to its Motion: (1) the Lloyds Policy, which is the insurance policy between Lloyds and Paradise Pools [*see* Lloyds Policy, Ex. 1, Doc. # 86-1]; (2) an affidavit from a Lloyds representative that attests to the authenticity and validity of the attached Lloyds Policy [*see* Lloyds Aff., Ex. 2, Doc. # 86-2]; and (3) Paradise Pool's initial application for insurance with Lloyds [*see* Lloyds Appl., Ex. 3, Doc. # 97]. Baiden argues that Lloyds' reliance on these documents converts their Motion to Dismiss into one for summary judgment under Rule 56, while Lloyds argues that the Motion to Dismiss may be properly reviewed as a motion to dismiss under Rule 12(b)(6) because the exhibits are referred to, and relied on, in Baiden's complaint. [Lloyds Mot., Doc. # 86, at 6–7; Baiden's Resp., Doc. # 91, at 4–5].

Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Materials– such as exhibits– are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters. *See id.* A court may convert a motion to dismiss for failure to state a claim into a summary judgment proceeding in order to consider matters outside of the pleadings. Fed. R .Civ. P. 12(d); *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the

complaint" and there was no authenticity challenge. *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

Here, this Court may properly consider the Lloyds Policy without converting the Motion to Dismiss into one for summary judgment. Baiden's amended complaint specifically references the Lloyds Policy – an insurance policy between Lloyds and Paradise Pools with policy number ARTE002627. [Pl.'s Am. Compl., Doc. # 78, at ¶ 10.] Further, Baiden, which did not attach the Lloyds Policy to its amended complaint,[4] does not dispute the authenticity of the policy as attached to Lloyds' Motion. Accordingly, the Lloyds Policy is plainly within the ambit of extraneous materials the Court may consider in ruling on a motion to dismiss. The Lloyds Policy is "integral to and explicitly relied on in the complaint" and there has been no authenticity challenge to the document. *Phillips,* 190 F.3d at 618; *see also McClurkin v. Champion Labs., Inc.*, No. 0:11–cv–02401–CMC, 2011 WL 5402970, at *2 (D.S.C. Sept. 8, 2011) (holding that a motion to dismiss in a breach of contract action was not converted into a summary judgment motion when defendant attached the full contract to its motion to dismiss).

The propriety of considering the affidavit and insurance application, on the other hand, is less clear. Nonetheless, the mere addition of extraneous materials to a motion to dismiss does not automatically convert that motion into one for summary judgment. *Finley Lines Joint Protective Bd.*

---

[4] Baiden did attach to its amended complaint, and expressly refer to therein, a certificate of insurance from Lloyds. [*See* Pl.'s Am. Compl., Doc. # 78, at ¶ 10; Lloyds Insurance Certificate, Doc. # 78-4.] No party appears to dispute the authenticity of this insurance certificate, and no party addresses the propriety of relying on this insurance certificate in a motion to dismiss. The Court notes that, like the Lloyds Policy, it may also rely on the insurance certificate because it was explicitly referenced by the amended complaint and there was no authenticity challenge. Thus, the Court's reliance on the certificate also does not convert this Motion into one for summary judgment.

*Unit 200 v. Norfolk S. Corp*. 109 F.3d 993, 996 (4th Cir. 1997). "Rule 12(b)(6) vests in the district court [the power] to determine whether or not to 'exclude' matters outside the pleadings . . . ." *Id*. (citing 2A James Wm. Moore, Moore's Federal Practice ¶ 12.09[3] (2d. ed. 1996)). Accordingly, if a district court either expressly excludes, or refuses to consider, materials outside the pleadings then "no conversion occurs." *Id*. (citing *Wilson-Cook Med. Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991)).

Here, out of an abundance of caution, this Court will exercise its discretion and expressly exclude the affidavit and the insurance application from its consideration. This exclusion is warranted for at least three reasons. First, as to the insurance application, this document is neither relied on by, nor referenced in, the amended complaint. Second, because discovery is still ongoing in this case, it would be inappropriate for the Court to convert the Motion to Dismiss into one for summary judgment. "[C]onversion is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc*., 637 F.3d 435, 448 (4th Cir. 2011) (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985)). Third, the Court notes that the exhibits are of little consequence to the pending Motion. The affidavit merely swears to the authenticity of the attached Lloyds Policy, which no party disputes, while the insurance application is only referenced in a single footnote in Lloyds' Motion. [*See* Lloyds Aff., Ex. 2, Doc. # 86-2; Lloyds' Mot, Doc. # 86, at 5 n.1.]

B.     Legal standard governing motions to dismiss

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th

Cir. 1999).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although federal law applies to the procedural rules governing this case, this Court must apply state law to substantive issues when, as here, it sits in diversity. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). In South Carolina, all insurance contracts covering property, lives, or interests in South Carolina are to be interpreted by applying South Carolina substantive law. S.C. Code Ann. § 38-61-10 (2002); *Sangamo Weston, Inc. v. National Sur. Corp.*, 307 S.C. 143, 147, 414 S.E.2d 127, 130–31 (1992).

7

### C. Although Baiden did not attach a copy of the Lloyds Policy to its amended complaint, the amended complaint adequately states a plausible claim on its face

Lloyds' first ground for dismissal of Baiden's amended complaint is that Baiden neither attached a copy of the Lloyds Policy to the amended complaint, nor alleged the material terms thereof. The Court finds both arguments without merit.

One, there is no requirement – and Lloyds does not argue otherwise – that under either federal or South Carolina law a plaintiff alleging breach of an insurance agreement must attach a copy of that agreement to the complaint.

Two, to the extent Lloyds argues that the amended complaint fails to otherwise allege the material terms of the Lloyds Policy, this argument is similarly without merit. As an initial matter, Lloyds does not argue that the amended complaint's supposed failure to address the insurance policy's material terms is deficient under the Federal Rules of Civil Procedure. Instead, Lloyds argues that the complaint is deficient because, under South Carolina law, a breach of contract must allege the material terms thereof. [Lloyds Mot., Doc. # 86, at 8.] Although neither party addresses this issue, this Court notes that "as we are in federal court, federal pleading standards apply." *Kunelius v. Town of Stow*, 588 F.3d 1, 19 (1st Cir. 2009); *see also Wuchenich v. Shenandoah Mem'l Hosp.*, 215 F.3d 1324 (4th Cir. 2000) (holding that although Virginia state law required plaintiff in defamation case to plead precise defamatory words, the federal rules contained no such requirement, and "thus, according to Rule 8(a), we should test . . . to determine whether [the claim] meets Rule 8(a)'s liberal pleading requirement").

Here, the amended complaint cites the Lloyds Policy by policy number, coverage period, and coverage limits. [Pl.'s Am. Compl., Doc. # 78, at ¶ 10.] Baiden also attached to the amended complaint a certificate of insurance which reflected certain key information about the policy.

8

[Lloyds Insurance Certificate, Doc. # 78-4.]

Baiden further alleged that under the insurance policies at issue, including the Lloyds Policy, the duty to defend was triggered by the allegations of the state-court complaint that the subcontractors' work resulted in property damage. [Pl.'s Am. Compl., Doc. # 78, at ¶ 15.] Baiden then alleged specific, or substantially similar, language from the policies at issue, including the Lloyds Policy. [*Id*., Doc. # 78, at ¶ 28.] Moreover, the language cited in Baiden's amended complaint is virtually identical to specific policy language quoted by Lloyds in its own Motion.[5] [*See* Lloyds Mot., Doc. # 86, at 5.]

Baiden's amended complaint plainly does more than offer "labels and conclusions, or a

---

[5] For example, Baiden's amended complaint claims that the policies contain the following language:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

[Pl.'s Am. Compl., Doc. # 78, at ¶ 28.]

Although Lloyds argues that the complaint does not plead any material terms of the Lloyds Policy, Lloyds itself quotes, among other provisions, the following policy language:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

[Lloyds Mot., Doc. # 86, at 5.]

9

formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted). It identifies the circumstances that triggered Lloyds' alleged duty to defend Baiden under the policy, offers specific references to the Lloyds Policy, and provides a near-verbatim recitation of a critical provision of the Lloyds Policy that governs when Lloyds would have a duty to defend. This is plainly "sufficient to advise the other party of the event being sued upon." *U.S. Health, Inc. v. Cohen*, 838 F.2d 468 (4th Cir. 1988) (holding that such notice is the "sole purpose of Rule 8 pleading"). Further, even if this Court were to apply South Carolina pleading standards, as suggested by Lloyds, Baiden's amended complaint would clearly allege the material terms of the Lloyds Policy.

> D. Baiden's amended complaint states a claim for relief because, if its allegations are accepted as true, Baiden was an additional insured under the Lloyds Policy

Lloyds' second ground for dismissal of Baiden's amended complaint is that the Lloyds Policy does not designate Baiden as an insured or as an additional insured. Lloyds cites several cases for the proposition that only a party in privity with an insurance company may bring a claim against it. [*See* Lloyds Mot., Doc. # 86, at 10–11.] However true this proposition may be, Lloyds' argument would require this Court to ignore Baiden's assertions that it is a party to an insurance agreement with Lloyds.

Here, Baiden has alleged that it was an additional insured under the Lloyds Policy, that its suit in state court triggered the policy, and that Lloyds has failed to honor its duty to defend under that policy. [Pl.'s Am. Compl., Doc. # 78, at ¶¶ 4–33.] Baiden also attached to its amended complaint a certificate of insurance that purports to name Baiden as an additional insured under the Lloyds Policy. [Lloyds Insurance Certificate, Doc. # 78-4.]

Accepting Baiden's factual allegations as true, this Court cannot say as a matter of law that

Baiden was neither a named insured or an additional insured. Therefore, Baiden's amended complaint certainly "raise[s] a right to relief above the speculative level," and Lloyds' Motion to Dismiss Baiden's amended complaint must be denied. See *Twombly*, 550 U.S. at 555.

### E. Lloyds' Motion to Dismiss Crum's cross-claim must also be denied

Lloyds has also moved to dismiss Crum's cross-claim because it "fails to state a claim upon which relief can be granted." [Lloyds Mot., Doc. # 86, at 12.] In its only discussion on the mertis of this claim, Lloyds "reaffirm[s] that [the Lloyds Policy] neither designates nor names Baiden as an insured, nor does [the Lloyds Policy] contain a blanket or general additional insured endorsement of Baiden." [*Id*.] In essence, Lloyds is arguing that because it had no duty to defend Baiden, it cannot be required to contribute to Crum any amount towards Baiden's defense.

As discussed above, Lloyds' Motion to Dismiss Baiden's amended complaint is denied. It logically follows that Lloyds' Motion to Dismiss Crum's cross-claim must also be denied because it is merely derivative of Lloyds' motion against Baiden.

## II. **Lloyds' Motion to Strike Baiden's request for attorney's fees**

This Court also denies Lloyds' Motion to Strike Baiden's request for attorney's fees in its prayer for relief.[6]

### A. Legal standard governing motions to strike and attorney's fees

Under Federal Rule of Civil Procedure 12(f), a party may move to strike an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See also Builders Mut. Ins.*

---

[6] Lloyds appears to be moving only to strike Baiden's request for attorney's fees in the federal declaratory judgment action. [Lloyds Mot., Doc. # 86, at 11.] Regardless, based on the authority discussed herein, the Court notes that it would be inappropriate to strike either Baiden's request for attorney's fees in the underlying state action or Baiden's request for attorney's fees in the pending federal declaratory judgment action.

11

*Co. v. Wingard Prop., Inc.*, No. 4:10-786-TLW-SVH, 2010 WL 5631766, at *1 (D.S.C. Nov. 30, 2010) (discussing a motion to strike attorney's fees); *Gilyard v. S.C. Dep't of Youth Servs.*, 667 F. Supp. 266, 279 (D.S.C. 1985) (discussing a motion to strike defendant's request for attorney's fees).

Typically, each party bears the costs of its own attorneys, and attorney's fees are generally not a recoverable cost of litigation unless a statute or agreement provides otherwise. *See Key Tronic Corp. v. United States*, 511 U.S. 809, 814–15 (1994). However, in *Hegler v. Gulf Insurance Co.*, 270 S.C. 548, 549, 243 S.E.2d 443, 444 (S.C. 1978), the South Carolina Supreme Court held that attorney's fees were recoverable by an insured who prevailed in a declaratory judgment action brought by an insurance company. The court found the insured's legal fees "in successfully asserting his rights against [the insurance company's] attempt in the declaratory judgment action to avoid its obligation to defend, were damages arising directly as a result of the breach of the contract." *Id*.

In *Security Insurance Co. of Hartford v. Campbell Schneider & Associates*, 481 F.Supp.2d 496 (D.S.C. 2007), a South Carolina district court found *Hegler* was applicable in a federal diversity action seeking a declaration as to the duty to defend, regardless of the fact that the insurer's action was brought under the Declaratory Judgment Act. *Id*.[7] Later, in *Berenyi, Inc. v. Landmark American*

---

[7] The court in *Security Insurance Co.* found that even though the action was brought pursuant to the federal Declaratory Judgment Act, the law of South Carolina applied and "because *Hegler* is the Supreme Court of South Carolina's interpretation of South Carolina law, this court is therefore bound to apply its holding." *Security Ins. Co.*, 481 F.Supp.2d at 501. *See also NGM Ins. Co. v. Carolina's Power Wash & Painting*, LLC, No. 2:08-3378-DCN, 2010 WL 3258134, at *2–3 (D.S.C. July 6, 2010) (citing *Security Ins. Co.* with approval); *World Ins. Co. v. Hartford Mut. Ins. Co.*, 602 F. Supp. 36, 37 (D. Md.1985), *aff'd in part, rev'd in part* 784 F.2d 558 (4th Cir.1986) (awarding attorney's fees to a plaintiff and noted that "[i]n a declaratory judgment action, the reasonable sum of attorney's fees and costs incurred in the filing and prosecution of the declaratory judgment action may be recovered, in the discretion of the court, if such recovery would be available under state law").

*Insurance Co.*, No. 2:09-CV-01556-PMD, 2010 WL 233861, at *10 (D.S.C. Jan. 14, 2010), the same court held that attorney's fees should be awarded to an insured in both the underlying state action and the federal declaratory judgment action, when the insured prevailed in a declaratory judgment action that it also brought. The court explained that, under the reasoning of *Hegler,* "attorney fees were available to an insured who prevailed in a dispute with an insurer concerning the insurer's duty to defend." *Id.* at 11.

### B. Striking attorney's fees would be inappropriate in this case

Lloyds' argument that attorney's fees should be stricken in this case hinges entirely on the basis that, under *Hegler*, attorney's fees are only appropriate in cases where an insurance company brings the declaratory judgment action, and not in cases such as this, where the insured files the declaratory judgment action. Lloyds overlooks the federal cases from this district that have analyzed *Hegler* and addressed this precise issue.[8] Specifically, in *Berenyi*, the court granted attorney's fees to an insured in both the underlying state action and the federal declaratory judgment action, even though the insured brought the declaratory judgment action. *Berenyi, Inc.*, 2010 WL 233861, at *11. The court made clear that the central question of whether attorney's fees are appropriate in these types of cases turns on whether the dispute involves "a dispute with an insurer concerning the insurer's duty to defend," not whether the declaratory judgment action was brought by the insurer or the insured. *Id.*

The applicable authority on point indicates that a request for attorney's fees in this type of

---

[8] Baiden also fails to cite the applicable South Carolina federal cases on this issue.

13

case is not redundant, immaterial, impertinent or scandalous.[9] Lloyds' Motion to Strike Baiden's request for attorney's fees is accordingly denied without prejudice.

## **Conclusion**

The Court has thoroughly reviewed the entire record, including the parties' motions and memoranda, and the applicable law. For the reasons stated above, it is **ORDERED** that Lloyds' Motion to Dismiss all claims made by Baiden against Lloyds is **DENIED**; Lloyds' Motion to Dismiss the cross-claim of Defendant Crum is **DENIED**; and Lloyds' Motion to Strike Baiden's request for attorney's fees is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
February 23, 2012

---

[9] This finding does not serve as a declaration or holding that attorney's fees will be awarded in this case. Pursuant to Federal Rule of Civil Procedure 54(d)(2), a claim for attorney's fees must be made by a motion of the requesting party, within fourteen days after entry of judgment.